

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                      Case No. 14CR208

THOMAS A. GERVAIS,

                                                   Green Bay Division
          Defendant.

## PLEA AGREEMENT

1.      The United States of America, by its attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, and William Roach, Assistant United States Attorney, and the defendant, Thomas A. Gervais, individually and by attorney Tom Phillip, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.      The defendant has been charged in a four count indictment, which alleges violations of Title 18, United States Code, Sections 2251(a) and 2252A(a)(5)(B).

3.      The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and the charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.      The defendant voluntarily agrees to plead guilty to the following counts set forth in full as follows:

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

Between on or about July 22, 2010 and on or about February 12, 2014, in the State and Eastern District of Wisconsin and elsewhere,

**THOMAS A. GERVAIS**

knowingly used, induced, enticed, and coerced persons under the age of eighteen, specifically Minor Female A and Minor Female B, whose identities are known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and which visual depiction was transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, to wit: a visual depiction with the file name 10.07.22(9).jpg.

All in violation of Title 18, United States Code, Section 2251(a).

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

Between on or about December 7, 2010 and on or about December 30, 2013, in the State and Eastern District of Wisconsin and elsewhere,

**THOMAS A. GERVAIS**

knowingly used, induced, enticed, and coerced a person under the age of eighteen, specifically Minor Female A, whose identity is known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and which visual depictions were transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, to wit: visual depictions with the file names 10.12.07 (38).jpg and 10.12.07 (39).jpg.

*All in violation of Title 18, United States Code, Section 2251(a).*

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offenses described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

In July 2014, FBI special agents arrested an individual (hereinafter "S1") living in Oregon on charges involving the production of child pornography. S1 told law enforcement agents that he communicated with others that sent him child pornography that they had produced. Law enforcement recovered from S1's computer in excess of fifty sexually explicit images of Minor Female A and Minor Female B. The images depict Minor Female A and Minor Female B performing oral sex on an adult male, being vaginally penetrated by an adult male's penis, being urinated on by an adult male, having been ejaculated on by an adult male, and displaying their vaginal area in a lascivious manner. The Exif data associated with the images identified the camera used to create them as a Canon Powershot A590IS with the dates of image creation ranging between October of 2008 and February of 2013.

Law enforcement identified Gervais as the likely individual responsible for the production and distribution of the images. On October 10, 2014, a federal search warrant was executed at Gervais' residence, located in the Eastern District of Wisconsin. Upon searching the premises, agents located a Canon Powershot camera that was produced in Malaysia, thus with materials that traveled in foreign and interstate commerce. Agents further recovered several computers, including a laptop computer in the basement of the premises. Agents also observed a bed and bedding items consistent with that observed in several of the images containing sexually explicit images of the two minor females.

Adult Female 1 was located at the residence at the time the search warrant was executed. She identified Minor Female 1 and Minor Female 2 as children under 12-years of age that have been at the residence. She also identified Gervais' body parts that were captured in several of the images. Finally, Adult Female 1 identified the Canon Powershot camera recovered as a camera used by Gervais for at least the last ten years.

Gervais' laptop computer, found in the basement of the residence, was seized and determined to contain both password protected zip files and a 30 gb TrueCrypt encrypted container. A search preview of the computer revealed two images of child pornography serving as the basis of count four.

Law enforcement has also reviewed chat correspondence between S1 and Gervais during which Gervais distributed the sexually explicit images of Minor Female 1 and Minor Female 2. More specifically, **count one** of the indictment pertains to an image of Minor Female 1 and

3

Minor Female 2 touching an adult male's penis. Gervais agrees that he is the adult male in that image. The image is named *10.07.22 (9).jpg*, which was taken on July 22, 2010 based on the associated Exif data. The image was created using a Canon Powershot A590. On February 12, 2014, at approximately 7:15 p.m., Gervais agrees that he sent that image, via computer, to S1.

**Count Two** of the indictment contains two images of Minor Female A with ejaculation on her face and upper chest. The images are entitled *10.12.07 (38).jpg* and *10.12.07 (39).jpg*. Both were taken on December 7, 2010 by Gervais who used a Canon Powershot camera. On December 30, 2013, Gervais agrees that he sent those images, via computer, to S1.

Gervais agrees that he produced the aforementioned images, that he knew contained sexually explicit images of minors, and then later sent them to another via the internet. Thus, the images traveled and were produced using materials traveling in interstate commerce, including by computer.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in this offense.

## PENALTIES

6. The parties understand and agree that the offenses to which the defendant will enter a plea of guilty carry the following maximum term of imprisonment and fine: 30 years and $250,000. The counts also carries a mandatory minimum 15 year term of imprisonment and at least 5 years of supervised release, and a maximum of life supervised release. The counts also carry a $100 special assessment. The parties further recognize that a restitution order may be entered by the court.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## ELEMENTS

8. The parties understand and agree that in order to sustain the charge of production of Child Pornography, in violation of Title 18, United States Code, Section 2251(a), as set forth

4

in count one and two of the Indictment, the government must prove each of the following propositions beyond a reasonable doubt:

> **First**, at the time, Minor Female was under the age of eighteen years;
>
> **Second**, that the defendant, for purposes of producing a visual depiction of such conduct, employed, used, persuaded or coerced Minor Female to take part in sexually explicit conduct; and
>
> **Third**, the defendant knew or had reason to know that such visual depiction was produced using materials that had been mailed, shipped, transported in interstate and foreign commerce by any means, including by computer.
>
> *Sexually explicit conduct* is defined as actual or simulated sexual intercourse, including genital-genital, oral-genital, masturbation, or lascivious exhibition of the genitals or pubic area of any person. 18 U.S.C. § 2256(2)(A)

7th Cir. Jury Instruction

## DISMISSAL OF OTHER CHARGES

9. The government agrees to dismiss the other charges alleged in the indictment at the time of sentencing in the above matter.

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4.

5

The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

14. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offenses to which the defendant is pleading guilty.

6

## Base Offense Level

16. The parties acknowledge and understand that the government will recommend to the sentencing court that the applicable base offense level for the offense charged in count one and two is 32 under Sentencing Guidelines Manual § 2G2.1.

## Specific Offense Characteristics

17. The parties acknowledge and understand that the government will recommend the sentencing court the following specific offense increases: (1) a four-level increase because the material involves a minor under 12 under Sentencing Guidelines Manual § 2G2.1(b)(1); (2) a two-level increase because the offense involved the commission of a sexual act under Sentencing Guidelines Manual §2G2.1(b)(2); (3) a two-level increase because the offense involved distribution of the images under Sentencing Guidelines Manual §2G2.1(b)(3); (4) a four-level increase because the offense involved sadistic images under Sentencing Guidelines Manual §2G2.1(b)(4); (5) a two-level increase as the offense involved a minor in the care of the defendant under Sentencing Guidelines Manual §2G2.1(b)(5); and (6) a two-level increase as the defendant used a computer for the solicitation of a minor and transmission of sexually explicit images of a minor under Sentencing Guidelines Manual §2G2.1(b)(6).

## Acceptance of Responsibility

18. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

7

Case 1:14-cr-00208-WCG   Filed 01/22/15   Page 7 of 15   Document 18

## Sentencing Recommendations

19. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

20. Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

21. The parties agree to jointly recommend a total sentence of 45 years imprisonment, more specifically, a 25-year term on Count one and a 20-year term on Count two to run consecutively. The government further agrees to recommend a life time term of supervised release to follow this period of imprisonment. The parties are free to make any recommendation as to the imposition of fine, and/or other terms of his sentence consistent with this agreement.

## FURTHER AGREEMENT AS TO CHARGES

22. The government further agrees not to file additional production of child pornography charges against the defendant involving Minor Female A or B. Further, the Langlade County (Wisconsin) District Attorney agrees not to file sexual assault charges against the defendant for any acts involving Minor Female A or B that occurred within that County provided the defendant receives a 45-year prison term. However, both the federal government and district attorney may, at their discretion, file any additional charges stemming from the production of child pornography and the sexual assault or inappropriate contact the defendant may have had with any other individuals, should that have occurred.

## Court's Determinations at Sentencing

23. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

24. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

25. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction or upon further order of the court. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. The defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

26. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form.

9

### Fine

27. The government will recommend to the sentencing court that no fine be imposed against the defendant.

### Special Assessment

28. The defendant agrees to pay the special assessment in the amount of $200 prior to or at the time of sentencing, or upon further order of the court.

### Restitution

29. The parties acknowledge and understand that the government may recommend to the sentencing court that the defendant pay restitution should a request be made by a victim in this case. The defendant understands that because restitution for the offenses is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

### Forfeiture

30. The defendant agrees that all properties listed in the indictment were used to facilitate the offense of conviction. The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement.

### DEFENDANT'S WAIVER OF RIGHTS

31. In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

32. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

11

33. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

34. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

## Further Civil or Administrative Action

35. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## MISCELLANEOUS MATTERS

36. Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his

12

school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

## GENERAL MATTERS

37. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

38. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

39. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

40. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

41. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to

13

appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## VOLUNTARINESS OF DEFENDANT'S PLEA

42. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

14

Case 1:14-cr-00208-WCG   Filed 01/22/15   Page 14 of 15   Document 18

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: Jan. 21, 2015

THOMAS GERVAIS
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 1/21/2015

TOM PHILLIP
Attorney for Defendant

For the United States of America:

Date: 1/22/15

JAMES L. SANTELLE
United States Attorney

Date: 1/22/15

WILLIAM ROACH
Assistant United States Attorney

15